UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ROLAND SMITH, et al.,<br><br>Defendants. | Case No. 15-cv-04911-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 5 |

Plaintiff Bank of New York Mellon filed this action for unlawful detainer in Sonoma County Superior Court on September 18, 2015. *See* Dkt. No. 1, Ex. 1 ("Complt."). Defendant David Roland Smith filed a notice of removal of the action to this Court on October 26, 2015. Dkt. No. 1. On November 23, 2015, Plaintiff filed the present motion to remand. Dkt. No. 5. The Court, in its discretion, finds the matter suitable for resolution without oral argument and therefore VACATES the hearing scheduled for February 4, 2016. *See* Civ. L.R. 7-1(b).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). The Ninth Circuit has held that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because of this "strong presumption against removal jurisdiction," a defendant "has the burden of establishing that removal is proper." *Id.*

In his notice of removal, Defendant contends that this action is properly removed under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and/or 1343. *See* Dkt. No. 1 ¶¶ 5-6. The Court finds that Defendant has failed to carry his burden

of establishing that removal is proper under any of these provisions. First, federal question jurisdiction does not exist because Plaintiff asserts only a single cause of action under state law in the complaint. Second, there is no evidence that the amount in controversy exceeds $75,000, as required by § 1332(a). Plaintiff seeks damages in the amount of $50 per day from July 16, 2015 for each day that Defendant remains in possession of the property at issue. Complt. ¶ 11 & Prayer. To date, damages amount to approximately $7,500, a tenth of what is required to satisfy the amount in controversy. Moreover, Plaintiff explicitly limits its damages sought to $10,000. *Id.* at 1. Finally, § 1343 is not applicable here because this case does not involve a civil rights claim.

Accordingly, Defendant's motion to remand is GRANTED. Defendant's request for costs is DENIED. It is ORDERED that this case is remanded under 28 U.S.C. § 1447(c) to Sonoma County Superior Court. The Clerk of this Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court and close this case displaying all pending motions as resolved.

**IT IS SO ORDERED.**

Dated: December 22, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge